1  Marshall A. Lerner (State Bar No. 55,224)
2  mlerner@kleinberglerner.com
   Vivian Z. Wang (State Bar No. 289,870)
3  vwang@kleinberglerner.com
4  Steven J. Kim (State Bar No. 297,235)
   skim@kleinberglerner.com
5  KLEINBERG & LERNER, LLP
6  1875 Century Park East, Suite 1150
7  Los Angeles, California 90067-2501
   Telephone: (310) 557-1511
8  Facsimile: (310) 557-1540
9
10  Attorney for Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II
11
                    **UNITED STATES DISTRICT COURT**
12          **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**
13

14  SKECHERS U.S.A., INC., a Delaware      )  Case No.:
    Corporation, and SKECHERS U.S.A.,      )
15  INC. II, a Delaware Corporation        )
16                                         )  **COMPLAINT FOR DAMAGES AND**
                                           )  **INJUNCTIVE RELIEF FOR:**
17             Plaintiffs,                 )
                                           )
18      v.                                 )  **(1)    PATENT INFRINGEMENT [35**
                                           )  **U.S.C. § 271];**
19                                         )  **(2)    FEDERAL UNFAIR**
20  REEBOK INTERNATIONAL LTD., a           )  **COMPETITION AND TRADE**
    Massachusetts Corporation and Does 1 – )  **DRESS INFRINGEMENT [15**
21  10 inclusive,                          )  **U.S.C. § 1125(a)];**
22                                         )  **(3)    COMMON LAW UNFAIR**
               Defendants.                 )  **COMPETITION**
23                                         )
24  _____      **DEMAND FOR JURY TRIAL**
25
26
27
28

Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively "Skechers") for their complaint against defendant Reebok International Ltd., allege as follows:

## NATURE OF THE ACTION

1.     This is an action for design patent infringement, trade dress infringement, and unfair competition.

2.     Skechers is a multi-billion-dollar global leader in the lifestyle footwear industry.  Skechers is also a high-performance footwear brand and a world leader in designing cutting-edge footwear.  It has invested and spent hundreds of millions of dollars creating and promoting its new shoe designs.  One such new ornamental design is embodied in its SKECHERS GO WALK® shoe.  The SKECHERS GO WALK® shoe has been heavily advertised on TV, in magazines, and the Internet.  In approximately the last year alone, Skechers has spent more than $10 million promoting, marketing and advertising its SKECHERS GO WALK® shoe.  The shoe has been featured in several widely aired television commercials and has been the subject of a number of magazine articles.  The innovative design of the SKECHERS GO WALK® shoe has significantly contributed to the success of the Skechers GO series of footwear culminating in a Brand of the Year award from Footwear News in late 2013.  *See* Exhibit 1. The fame and popularity of the SKECHERS GO WALK® shoe can be measured by the fact that millions of pairs of SKECHERS GO WALK® shoes have been sold since its introduction on the market.

3.     The United States Patent and Trademark Office has acknowledged the novel, non-obvious, and ornamental appearance of the shoe upper of the SKECHERS GO WALK® shoe by issuing U.S. Patent, No. D661,884 S (Exhibit 2, the " '884 patent") therefor to Skechers.

4.     In order to identify certain of its shoes, including the SKECHERS GO WALK® shoe, as emanating from a single source, Skechers created a new and unique trade dress embodied in the SKECHERS GO WALK® shoe.

-1-

5. Defendant has been, and presently is, willfully infringing the '884 patent by making and selling shoes that embody the patented invention disclosed in the '884 patent.

6. Defendant's WALK AHEAD RS shoe infringes Skechers' SKECHERS GO WALK® shoe trade dress. Defendant's conduct is likely to cause confusion, mistake and deception among the general purchasing public. Defendant has profited and is profiting from such trade dress infringement and unfair competition.

## PARTIES

7. Plaintiff Skechers U.S.A., Inc. is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.

8. Plaintiff Skechers U.S.A., Inc. II is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.  Skechers U.S.A., Inc. II is a wholly-owned subsidiary of Skechers U.S.A., Inc.

9. Defendant Reebok International Ltd. is a Massachusetts corporation having an office and place of business at 1895 J.W. Foster Blvd., Canton, Massachusetts.

10. Defendants Does 1 – 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Skechers.  When their true names and capacities are ascertained, Skechers will amend this complaint by inserting their true names and capacities.  Skechers is informed and believes and thereon alleges, that Does 1 – 10, and each of them are responsible in some manner for the occurrences alleged herein and that Skechers' damages were proximately caused by such defendants.

## JURISDICTION AND VENUE

11. Jurisdiction in this Court arises under the patent laws of the United States, 35 U.S.C. §§271 and 289 and the provisions of 15 U.S.C. §§1121 and 1125.  This complaint also alleges violations of state law and common law.  This Court has

jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338(a) and (b), 1367(a), and 1400(b).

12. This Court has personal jurisdiction over defendants because they have committed one or more of the infringing acts complained of herein in California and in this district, they have multiple sales outlets in California and in this district, and they do regular business in California and in this district.

13. Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the claims arose in this district.

## SKECHERS' SKECHERS GO WALK® SHOE UPPER
## DESIGN PATENT

14. The United States Patent and Trademark Office has acknowledged the novel, non-obvious, and ornamental appearance of the shoe upper of the SKECHERS GO WALK® shoe by issuing U.S. Patent, No. D661,884 S (Exhibit 2, the " '884 patent") therefor to Skechers.  Defendant's infringement of the '884 patent can be seen in the comparison below which show sample figures of the shoe upper from the '884 patent next to defendant's WALK AHEAD RS shoe upper.



-3-

| | |
|---|---|
| **SKECHERS U.S. DESIGN PATENT D661,884 S – SHOE UPPER** |  |
| **REEBOK WALK AHEAD RS** |  |
| **SKECHERS U.S. DESIGN PATENT D661,884 S – SHOE UPPER** |  |
| **REEBOK WALK AHEAD RS** |  |

-4-

**SKECHERS GO WALK® SHOE TRADE DRESS**

15. Skechers created a new and unique trade dress embodied in the SKECHERS GO WALK® shoe.

16. An example of the SKECHERS GO WALK® shoe trade dress is shown in the following photographs:



Fig. 1 - SKECHERS GO WALK® Shoe Trade Dress

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

17.   This SKECHERS GO WALK® shoe trade dress has an ornamental configuration that uniquely identifies the shoe as emanating from a single source, namely, Skechers.  As can be seen in the following photographs, the distinctive ornamental features of the SKECHERS GO WALK® shoe trade dress are (1) the honeycomb-like textured fabric shoe upper (depicted by a red square in Fig. 2), (2) the unique styling of the slip-on upper giving an observer the illusion of a tongue (as indicated by a red oval in Fig. 3) with (3) a C-shaped outline of the tongue in flat lock stitching (outlined in red in Fig. 4), (4) the distinct curvature of the upper edge of the "tongue" (outlined in a red line in Fig. 5) which indents into the shoe upper at the medial and lateral sides of the foot (depicted by the red arrows in Fig. 5), (5) the reduced toe cap edging at the edge of the upper toe line (as indicated by a red oval in Fig. 6), with (6) a slight protrusion of the outsole periphery into the reduced toe cap edging at the front tip of the shoe (outlined in a red line in Fig. 7), and (7) the etched wave-like groove that creates a curved periphery surface in the outsole periphery (as indicated by the red oval in Fig. 8):



Fig. 2 - SKECHERS GO WALK® Honeycomb-Like Textured Fabric Upper

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL



Fig. 3 - SKECHERS GO WALK® Unique Styling of the Slip-On Upper Giving an
Observer the Illusion of A Tongue (As Indicated By A Red Oval)



Fig. 4 - SKECHERS GO WALK® C-Shaped Outline of the Tongue in Flat Lock
Stitching (Outlined in Red)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL
UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR
COMPETITION; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25





26  Fig. 5 - SKECHERS GO WALK® Distinct Curvature of the Upper Edge of the "Tongue"

27  (Outlined in Red) Which Indents Into the Shoe Upper at the Medial And Lateral Sides of

28  the Foot (Depicted By the Red Arrows)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL
UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR
COMPETITION; DEMAND FOR JURY TRIAL



Fig. 6 - SKECHERS GO WALK® Reduced Toe Cap Edging At the Edge of the Upper Toe Line (As Indicated By a Red Oval)

Fig. 7 - SKECHERS GO WALK® Slight Protrusion of the Outsole Periphery into the Reduced Toe Cap Edging at the Front Tip of the Shoe (Outlined in Red)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12



Fig. 8 - SKECHERS GO WALK® Etched Wave-Like Groove That Creates a Curved Periphery Surface in the Outsole Periphery (As Indicated By the Red Oval)

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

18.     The unique ornamental appearance of the SKECHERS GO WALK® shoe trade dress, combined with Skechers' extensive advertising, promotion, and sales, has resulted in the SKECHERS GO WALK® shoe acquiring distinctiveness among shoe buyers.  In the mind of the typical shoe buyer, the SKECHERS GO WALK® shoe trade dress is believed to emanate from a single source, namely, Skechers.  This acquired distinctiveness is protectable, proprietary trade dress owned exclusively by Skechers.

19.     Rather than undertake the hard work and financial risks involved in developing their own shoe trade dress, defendant simply copied Skechers' SKECHERS GO WALK® shoe trade dress.  In this regard, the defendant's WALK AHEAD RS shoe is shown below.



Fig. 10 - Defendant Reebok's WALK AHEAD RS Shoe

20.     As can be seen in the photographs below, the defendant's WALK AHEAD RS shoe bears (1) the same honeycomb-like textured fabric shoe upper (depicted by a red square in Fig. 11(a) and (b)), (2) the same unique styling of the slip-on upper giving an observer the illusion of a tongue (as indicated by a red oval in Fig. 12(a) and (b)) with (3) the same C-shaped outline of the tongue in flat lock stitching (outlined in red in Fig. 13(a) and (b)), (4) the same curvature of upper edge of the "tongue" (outlined in a red line in Fig. 14(a) and (b)) which indents into the shoe upper at the medial and lateral

-11-

sides of the foot (depicted by the red arrows in Fig. 14(a) and (b)), (5) the same reduced toe cap edging at the edge of the upper toe line (as indicated by a red oval in Fig. 15(a) and (b)), with (6) the same slight protrusion of the outsole periphery into the reduced toe cap edging at the front tip of the shoe (outlined in a red line in Fig. 16(a) and (b)), and (7) the same etched wave-like groove that creates a curved periphery surface in the outsole periphery (as indicated by the red oval in Fig. 17 (a) and (b)):



Fig. 11(a) - Reebok WALK AHEAD RS' Honeycomb-Like Textured Fabric Upper
(Depicted by a Red Square)

 

Fig. 11(b) - Comparison of SKECHERS GO WALK® Trade Dress Honeycomb-Like Textured Fabric Upper to Reebok WALK AHEAD RS

-12-

1
2
3
4
5
6
7
8
9
10
11
12



13
14

Fig. 12(a) – Reebok WALK AHEAD RS' Styling of the Slip-On Upper Giving an Observer the Illusion of a Tongue (as indicated by the red oval)

15
16
17
18
19
20
21
22



23
24
25
26
27

Fig. 12(b) – Comparison of SKECHERS GO WALK® Trade Dress Unique Styling of the Slip-On Upper Giving an Observer the Illusion of a Tongue to Reebok WALK AHEAD RS

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




Fig. 13(a) – Reebok WALK AHEAD RS' C-Shaped Outline of the Tongue in Flat Lock Stitching (Outlined in Red)

Fig. 13(b) - Comparison of SKECHERS GO WALK® Trade Dress C-Shaped Outline of the Tongue in Flat Lock Stitching to Reebok WALK AHEAD RS

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





Fig. 14(a) – Reebok WALK AHEAD RS' Curvature of the Upper Edge Of The "Tongue" (Outlined In Red) Which Indents Into the Shoe Upper At the Medial And Lateral Sides of the Foot (Depicted By The Red Arrows)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

Fig. 14(b) - Comparison of SKECHERS GO WALK® Trade Dress Distinct Curvature of the Upper Edge Of The "Tongue" (Outlined In Red) Which Indents Into the Shoe Upper At the Medial And Lateral Sides of the Foot (Depicted by Red Arrows) to Reebok WALK AHEAD RS

1
2
3
4
5
6
7
8
9
10
11



12  Fig. 15(a) - Reebok WALK AHEAD RS'
13  Reduced Toe Cap Edging at the Edge of the Upper Toe Line
14



15
16
17
18
19
20



21
22
23
24
25
26
27  Fig. 15(b) - Comparison of SKECHERS GO WALK® Trade Dress Reduced Toe Cap
28  Edging at the Edge of the Upper Toe Line to Reebok WALK AHEAD RS

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) PATENT INFRINGEMENT, (2) FEDERAL
UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR
COMPETITION; DEMAND FOR JURY TRIAL



Fig. 16(a) – Reebok WALK AHEAD RS' Slight Protrusion of the Outsole Periphery into the Reduced Toe Cap Edging at the Front Tip of the Shoe (Outlined in a Red Line)





Fig. 16(b) - Comparison of SKECHERS GO WALK® Trade Dress Slight Protrusion of the Outsole Periphery into the Reduced Toe Cap Edging at the Front Tip of the Shoe to Reebok WALK AHEAD RS

-18-

1
2
3
4
5
6
7
8
9



10  Fig. 17(a) - Reebok WALK AHEAD RS' Etched Wave-Like Groove That Creates a
11  Curved Periphery Surface in the Outsole Periphery (As Indicated By the Red Oval)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22





Fig. 17(b) - Comparison of SKECHERS GO WALK® Trade Dress Etched Wave-Like
Groove That Creates a Curved Periphery Surface in the Outsole Periphery to Reebok
WALK AHEAD RS Outsole Periphery

23
24
25
26
27
28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL
UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR
COMPETITION; DEMAND FOR JURY TRIAL

21.     By using Skechers' SKECHERS GO WALK® shoe trade dress on defendant's shoes, defendant deceives consumers into buying defendant's shoes in the mistaken belief that defendant's shoes emanate from Skechers and are genuine Skechers shoes.

22.     The trade dress embodied in the SKECHERS GO WALK® shoe are shown in comparison to the WALK AHEAD RS shoe below.



SKECHERS GO WALK®



REEBOK WALK AHEAD RS

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR COMPETITION; DEMAND FOR JURY TRIAL



SKECHERS GO WALK®



REEBOK WALK AHEAD RS

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:  (1) PATENT INFRINGEMENT, (2) FEDERAL
UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT, AND (3) COMMON LAW UNFAIR
COMPETITION; DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION

(Design Patent Infringement, Patent No. US D661,884 S)

23.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

24.     On June 19, 2012, the United States Patent and Trademark Office issued United States Patent, Patent No. US D661,884 S(herein after the " '884 patent").  At all times since the date of issue of the '884 patent, Skechers has been, and currently is, the exclusive owner of the entire right, title and interest in and to the '884 patent.  Skechers' ownership of the '884 patent includes without limitation the exclusive right to enforce the '884 patent, the exclusive right to file actions based on infringement of the '884 patent, and the exclusive right to recover damages or other monetary amounts for infringement of the '884 patent and to be awarded injunctive relief pertaining to the '884 patent.  Skechers has owned the '884 patent at all times during defendants' infringement of the '884 patent.

25.     Defendant has been, and presently is, infringing the '884 patent within this judicial district and elsewhere by making and selling shoes that embody the patented invention disclosed in the '884 patent.  Defendant's infringement of the '884 patent is willful.  Defendant's infringing shoes are referred to as WALK AHEAD RS. Defendant will continue to manufacture and sell their WALK AHEAD RS shoes unless enjoined by this Court.

26.     The shoe upper of defendant's WALK AHEAD RS shoe so closely resembles the invention disclosed in the '884 patent that an ordinary observer would be deceived into purchasing the WALK AHEAD RS shoe in the mistaken belief that it includes the invention disclosed in the '884 patent.  Defendant's WALK AHEAD RS shoe infringes the '884 patent in violation of 35 U.S.C. §§271 and 289.

27.     Due to Defendant's infringement of the '884 patent, Skechers has suffered, is suffering, and will continue to suffer irreparable injury for which Skechers has no

adequate remedy at law.  Skechers is therefore entitled to a permanent injunction against defendant's further infringing conduct.

28.     Defendant has profited and is profiting from its infringement of the '884 patent and Skechers has been and is being damaged and losing profit by such infringement.  Skechers is therefore entitled to recover damages from the defendant and the total profit derived from such infringement, all in an amount to be proven at trial.

SECOND CAUSE OF ACTION

(SKECHERS GO WALK® Shoe Trade Dress - Federal Unfair Competition  and Trade Dress Infringement; 15 U.S.C. § 1125(a))

29.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

30.     Skechers has acquired exclusive and protectable trade dress rights embodied in its SKECHERS GO WALK® shoe trade dress.   By the acts and omissions set forth above, defendant is violating Lanham Act § 43(a), 15 U.S.C. § 1125(a) and is unfairly competing with Skechers.   Defendant's use in commerce of the SKECHERS GO WALK® shoe trade dress on its WALK AHEAD RS shoe constitutes a false designation of origin and a false and misleading representation of fact which is likely to cause confusion, and to cause mistake, and to deceive by wrongly suggesting that defendants' WALK AHEAD RS shoe has some affiliation, connection, or association with Skechers.  Such use by defendants of their WALK AHEAD RS shoe is also likely to cause confusion, and to cause mistake, and to deceive as to the origin, sponsorship, or approval of defendant's WALK AHEAD RS shoe.   Such use by defendant of its WALK AHEAD RS shoe constitutes trade dress infringement in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

31.     Defendant has infringed, and continues to infringe, Skechers' SKECHERS GO WALK® shoe trade dress.  Defendant's WALK AHEAD RS shoe infringes Skechers' SKECHERS GO WALK® shoe trade dress.

32.    Defendant's conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with Skechers' ability to sell and profit from its SKECHERS GO WALK® shoe trade dress.

33.    Defendant's conduct as described above is also likely to harm or extinguish the current ability of Skechers' SKECHERS GO WALK® shoe trade dress to indicate that that trade dress emanates from a single source.  Defendant's conduct as described above harms the goodwill and reputation associated with Skechers' SKECHERS GO WALK® shoe trade dress.

34.    Skechers has suffered, is suffering, and will continue to suffer irreparable injury for which Skechers has no adequate remedy at law.  Skechers is therefore entitled to a permanent injunction against defendant's further infringing conduct.

35.    Defendant has profited and is profiting from such trade dress infringement and unfair competition, and Skechers has been and is being damaged and losing profit by such infringement and unfair competition.  Skechers is therefore entitled to recover damages and profits from defendants in an amount to be proved at trial as a consequence of defendants' violations of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

## THIRD CAUSE OF ACTION

### (Common Law Unfair Competition)

36.    Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

37.    Defendant is willfully, fraudulently, oppressively, maliciously and unlawfully attempting to pass off, and are passing off, their infringing footwear as those approved and/or authorized by Skechers.

38.    Defendant's use in commerce of the WALK AHEAD RS shoe continues to confuse and deceive consumers as to the source of origin of the goods and services for which Skechers has invested substantial time, effort and money in developing and further damages Skechers' goodwill and reputation.

39.     Defendant has been palming off their goods as Skechers' goods. Consumers have been and continue to be confused as to whether defendants' WALK AHEAD RS shoe is affiliated with Skechers.

40.     The damage suffered by Skechers is irreparable and will continue unless defendant is restrained by this Court from the commission of these acts.

41.     Defendant's willful, deliberate and malicious conduct constitutes unfair competition with Skechers.

42.     Such conduct by defendant is the sole reason for defendant's ability to market and sell their unauthorized copies of shoes that embody Skechers' SKECHERS GO WALK® shoe trade dress.

43.     Defendant is being unjustly enriched through such flagrantly unlawful conduct and should be punished therefor.

44.     Skechers has no adequate remedy at law in that the continuing nature of the unfair competition will result in irreparable harm to Skechers should defendants not be enjoined from their acts of unfair competition.

45.     A complete recitation of the damages suffered by Skechers as a result of this unfair competition must await discovery of defendant's books and records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II respectfully demand a judgment against defendants as follows:

1.  A judgment declaring that defendants have:

    a.  Infringed Skechers' '884  patent;

    b.  Infringed Skechers' SKECHERS GO WALK® shoe trade dress;

    c.  Competed unfairly with Skechers;

    d.  Injured Skechers' business reputation by the unauthorized use of Skechers' SKECHERS GO WALK® shoe trade dress;

    e.  Willfully violated the applicable laws of the United States and of the states where defendant's goods have been sold, all to the detriment of Skechers;

2.    That the defendant, its officers, agents, servants, employees, attorneys, assigns and all persons in active concert with or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

   a. Infringing or inducing infringement of the Skechers' '884 patent;

   b.  Infringing or inducing infringement of Skechers' SKECHERS GO WALK® shoe trade dress;

   c. Using Skechers' SKECHERS GO WALK® shoe trade dress alone or in combination with any other elements, to advertise or identify defendant's goods or services;

   d. Unfairly competing with Skechers in any manner whatsoever;

   e. Causing likelihood of confusion, or injury to Skechers' business and to the reputation of Skechers' marks, symbols, labels, or forms of advertising or promotion;

   f. Engaging in any acts or activities directly or indirectly calculated to trade upon Skechers' SKECHERS GO WALK® shoe trade dress or  the reputation or goodwill of Skechers, or in any way to compete unfairly with Skechers;

3.  For a judgment directing that any shoes, goods, labels, emblems or packaging in the possession or under the control of defendants which infringe the '884 patent or any colorable imitation or facsimile thereof, but not emanating from Skechers, be delivered up and destroyed within 10 days of entry of judgment, and that all instrumentalities used in the production of such shoes, goods, labels, emblems or packaging, including any and all items, objects, tools, machines, and equipment used in such production, be delivered up and destroyed within 10 days of entry of judgment;

4.  For a judgment directing defendants to recall all infringing goods and any other materials sold, distributed, advertised or marketed which infringe any and all of the  '884 patent or any colorable imitation or facsimile thereof, but not emanating from Skechers;

5.  For a judgment against defendants awarding Skechers damages, lost profits, reasonable royalties, and other monetary amounts including without limitation:

    a.  All damages sustained by Skechers as a result of defendants' unlawful infringement of the '884 patent, together with appropriate interest on such damages and that such damages be trebled, pursuant to 35 U.S.C. § 284;

    b.  Defendants' total profit from defendants' sales of footwear that infringes the '884 patent, and all other remedies provided by 35 U.S.C. § 289;

    c.  All remedies provided for by 15 U.S.C. § 1117 (a), including but not limited to all damages sustained by Skechers as a result of defendant's unlawful infringement of the Skechers' SKECHERS GO WALK® trade dress together with appropriate interest on such damages and that such damages be trebled;

    d.  All remedies provided for by 15 U.S.C. § 1117 (a), including but not limited to all profits derived by each of the defendants from the sale of goods by the direct or indirect use of any of the shoes that embody Skechers' SKECHERS GO WALK® trade dress or any colorable imitations or facsimiles thereof, and that such profits be trebled;

    e.  All damages sustained by Skechers on account of unfair competition, lost business opportunities and any other damage suffered by Skechers as a result of defendant's acts described in this complaint, and that such damages be trebled;

6.  For an order directing defendants to pay punitive damages to Skechers;

7.  For an order directing defendants to pay restitution to Skechers;

8.  For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 and pursuant to 35 U.S.C. § 285;

9.  For an award of pre-judgment interest at the maximum rate allowed by law;

10.  For the costs of suit herein; and

11. For such additional and further relief that the Court may deem just and proper under the circumstances.

KLEINBERG & LERNER, LLP

June 18, 2014                    By: _____

Marshall A. Lerner

Attorney for Plaintiffs Skechers U.S.A., Inc.
and Skechers U.S.A., Inc. II

-29-

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II demand a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

KLEINBERG & LERNER, LLP

June 8, 2014                    By: _____
                                        Marshall A. Lerner

Attorney for Plaintiffs Skechers U.S.A., Inc.
and Skechers U.S.A., Inc. II

-30-